The document below is hereby signed.

Signed: April 22, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SANTORIA THOMAS MENDOZA, | ) | Case No. 15-00515 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER PARTIALLY GRANTING
W. F. CHESLEY COMPANIES' MOTION FOR RELIEF FROM THE
AUTOMATIC STAY REGARDING 49 GALLATIN STREET, NW, WASHINGTON, DC

This addresses the *Motion for Relief from the Automatic Stay* regarding 49 Gallatin Street, NW, Washington, DC filed by W. F. Chesley Companies, LLC ("Chesley"). Chesley holds a promissory note, secured by a deed of trust against the debtor's home, that matured before the filing of the debtor's case. Accordingly, the note obligation was not an 11 U.S.C. § 1322(b)(5) claim. Nevertheless, the debtor's confirmed plan treated it under paragraph A of the plan as though it were a § 1322(b)(5) claim, and directed that the trustee would cure all prepetition arrears costs and fees owed on the claim, with the debtor to maintain postpetition payments directly while the case is pending. After the note matured, a default rate of interest applied, resulting

in interest of $839.58 accruing each month. The note called for monthly payments before maturity, but not after maturity. Nevertheless, the continued accrual of interest at an approximate rate of $839.58 per month is subjecting Chesley to additional unpaid amounts that Chesley anticipated would be paid in full by the conclusion of the plan.[1]

At the petition date, the claim stood at $85,261.54. The payment of that $85,261.54 in equal installments over the life of the plan would require payments of $1,421.03 per month. At the hearing on the motion I treated Chesley as though it was entitled to receive plan payments of $1,500.00 per month (an estimate of what the trustee would be able to distribute each month if she had received a full plan payment in that month), but I think it is fairer to rely on $1,421.03 as the amount of monthly plan payments Chesley is entitled to receive. That is the amount that Chesley reasonably could anticipate receiving, at a minimum, each month.

Chesley has a certificate of mediation, permitting it to proceed with foreclosure, that expires on August 11, 2016. If

---

[1] The debtor could have proposed instead to treat the claim under paragraph D of the plan, calling for full payment plus 6% post-confirmation interest, but Chelsey might have objected to the plan. Such a plan would have resulted in plan payments to this creditor of $1,648.00 per month (if you treat the post-confirmation period as 5 years). The debtor, through counsel, did not dispute at the hearing that it is appropriate to treat the claim under paragraph A of the plan.

2

the debtor were current on making plan payments and were paying postpetition interest accruals of $839.58 per month, I would not view the imminent expiration of the certificate as a basis for granting relief from the stay.  However, if the debtor is unable to make such payments, it does not make sense to subject Chesley to the risk that it will have to go through mediation again.  Because the certificate of mediation will expire in August, it makes sense to require the debtor to pay the postpetition interest that has accrued and to assure that Chesley receives, on a going-forward basis, plan payments.[2]  Six months of postpetition interest at $839.58 per month (or a total of $5037.50) have accrued since the filing of the case, and a seventh month will have accrued as of May 1, 2016.[3]  In addition,

---

[2]  The existing default in plan payments is being addressed by the trustee's motion to dismiss, and will not be required to be cured under this order if the stay is not to be lifted.  However, Chesley is entitled to expect to receive plan payments coming due after the hearing on its motion if the stay is to not be lifted based on the imminent expiration of its mediation certificate.  Otherwise, the debtor could use amounts that should be paid under the plan to instead pay the postpetition interest accruals.

[3]  Plan payments would eventually reduce the amount of principal owed to Chelsey, and the interest accruing per month should eventually become less than $839.58.  I will not build into this order a provision calling for termination of the stay if monthly interest accruals are not paid after August 1, 2016.  (Because the monthly accrual would eventually change, it would be difficult to frame an order in that regard.)  However, as to accruals of interest after August 1, 2016, I will let Chelsey seek relief from the stay if the debtor fails to pay such interest on an ongoing monthly basis.

Chesley should have been receiving plan payments of at least $1,421.03 per month, but due to the debtor's delinquency in making plan payments to the trustee, Chesley has not been receiving those payments.  It is

ORDERED that if, pursuant to the following paragraphs, the requested relief from the automatic stay is granted, that means that relief from the automatic stay of 11 U.S.C. § 362(a) is granted:

> (a) to permit Chesley to enforce its lien rights regarding the property located at 49 Gallatin St., NW, Washington, DC, including enforcing those rights (i) pursuant to proceedings in the appropriate state court, and (ii) via a nonjudicial foreclosure sale; and
>
> (b) to permit the successful bidder at a foreclosure sale to take steps to obtain possession of the property located at 49 Gallatin St., NW, Washington DC.

It is further

ORDERED that by May 1, 2016, the debtor shall pay Chesley $839.58, and shall continue to pay Chesley $839.58 on the first of each succeeding month, through and including August 1, 2016:

> (a)  In the event that the debtor defaults in making such a payment for May, June, July, or August 2016, the requested relief from the automatic stay will be in effect without the necessity of further order of the court.

    (b) In the event that the debtor defaults in making interest payments for any month after August 2016, Chesley will be free to file a renewed motion for relief from the automatic stay.

It is further

    ORDERED that on the 15th of each of the months of May, June, and July 2016, to bring current the payment of postpetition interest accruals, the debtor shall pay Chesley $1,679.17, and in the event that the debtor defaults in making any such payment, the requested relief from the automatic stay will be in effect without the necessity of further order of the court.  It is further

    ORDERED that:

        (a) by the end of May 2016, Chesley shall have received an additional $1,421.03 in plan payments since April 21, 2016;

        (b) by the end of June 2016, Chesley shall have received an additional $2,842.06 in plan payments since April 21, 2016; and

        (c) by the end of July 2016, Chesley shall have received an additional $4,263.09 in plan payments since April 21, 2016; and

in the event that Chesley has not received the plan payments to be received by the end of any such month, Chesley may file a

notice of default, and the requested relief from the automatic stay will be in effect without the necessity of further order unless the debtor files a response, within 7 days after the filing of the notice of default, alleging cause why the automatic stay ought not stand terminated.  It is further

    ORDERED that this order is not stayed pursuant to Fed. R. Bankr. P. 4001(a)(3).

                                              [Signed and dated above.]

Copies to: Recipients of e-notification of orders.